RECEIVED
IN LAKE CHARLES, LA.

OCT 24 2011

TONY R. MOORE, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | DOCKET NO. 2:10 CV 74 |
| VS. | : | JUDGE MINALDI |
| PATRICIA WILLIAMS, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court are Cross-Motions for Summary Judgment filed by the defendants in interpleader, Torry Williams [Doc. 40] and Patricia Williams [Doc. 43]. No Opposition to either motion has been filed.

## BACKGROUND

Prudential Insurance Company of America ("Prudential") filed this interpleader action on January 19, 2010 to determine the lawful beneficiary of a $50,000 Veteran's Group Life Insurance ("VGLI") policy issued to Thurston Lee Williams (the "insured") under the Servicemembers' Group Life Insurance Act of 1965 ("SGLIA"), 38 U.S.C. § 1965, *et seq.*[1] The defendants in interpleader, Patricia Williams, Torry Williams, Lawrence Williams, Stacey Douglas, and J.T.W., a minor, are each potential claimants of the proceeds. Patricia Williams is the ex-wife of the insured, and Torry Williams, Lawrence Williams, Stacey Douglas, and J.T.W. are his children.[2]

---

[1] Compl. ¶¶ 11-12, 21-22 [Doc. 1].

[2] *Id.* ¶¶ 2-6.

1

The insured died on July 4, 2009.[3] At the time of his death, he owed $99.50 in premiums on the policy.[4] Thus, death benefits totaled $49,900.50.[5] Prudential deposited this amount, together with accrued interest, into the court registry on June 1, 2010. The court then dismissed Prudential from the suit on January 12, 2011 [Doc. 30]. On the same date, the court entered a default judgment against Stacy Douglas, who failed to file an answer to Prudential's complaint. The remaining defendants each claim entitlement to all or part of the policy proceeds.

## FACTS

The insured executed a VGLI Beneficiary Designation form, Veteran's Administration Form SGLV-8271, on February 16, 1996.[6] The form contains spaces for the insured to designate principal and contingent beneficiaries and instructs the insured to *either* 1) insert the names of specific beneficiaries *or* 2) write "by law" to have the benefits to pass to the insured's closest relatives according to a statutory order of precedence.[7]

The insured, however, designated Patricia Williams as the sole principal beneficiary and wrote the words "By Law" directly underneath her name.[8] Likewise, he designated J.T.W. as the sole contingent beneficiary and wrote the words "By Law" directly underneath his name.[9]

The insured was married to Patricia Williams at the time he executed his Beneficiary Designation Form. They later divorced.[10] The insured's children contested the payment of the

---

[3] Compl., Ex. C, Death Certificate of Thurston Williams [Doc. 2-2].

[4] Compl. ¶ 14.

[5] *Id.*

[6] Compl., Ex. D. [Doc. 2-3].

[7] *Id.*

[8] *Id.*

[9] *Id.*

2

death benefits to Ms. Williams because she was no longer married to the insured at the time of his death.[11] They argued, and continue to assert that the death benefits should pass "By Law."

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party." *Id.*

---

[10] *See* Torry Williams' Mot. For Summ. J., Ex. 1 [Doc. 40-3].

[11] Compl. ¶ 19.

## ANALYSIS

The VGLI policy at issue is a federal contract issued under a federal statute. Accordingly, federal law controls its interpretation. *Prudential Ins. Co. of Am. v. Athmer*, 178 F.3d 473, 475 (7th Cir. 1999). 28 U.S.C. § 1970 expressly governs the payment of VGLI proceeds. It provides, in pertinent part, that the proceeds of any VGLI policy in force at the time of the insured's death shall be paid:

> First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death . . .
>
> Second, if there be no such beneficiary, to the widow or widower of such member or former member;
>
> Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation. 38 U.S.C. § 1970(a).

Any designation of beneficiary made by the insured remains in effect until it is properly changed by the insured or canceled for service-related reasons. 38 C.F.R. § 9.4(a). To be effective, a beneficiary designation must be made in a signed writing and received by the insurer. *See* 38 U.S.C. § 1977(d).

The insured did not file any written request to change his designation of beneficiaries after February 16, 1996. Accordingly, the sole issue in this case is whether the insured's February 16, 1996 Beneficiary Designation Form validly designated Patricia Williams as the sole beneficiary under the policy. If so, she is entitled to payment despite the fact that she and the insured divorced before the insured's death. If not, the statute provides that the proceeds should be distributed to the children of the insured in equal shares. *See* 38 U.S.C. § 1970(a).

The issue turns on the intent of the insured at the time he executed his Beneficiary Designation Form. *See Prudential Ins. Co. v. Smith*, 762 F.2d 476, 480 ("[§ 1970(a)] regard[s] the serviceman's intended designation of beneficiary as the paramount consideration, provided

4

the designation was received by the military authorities prior to the serviceman's death.") In her Motion for Summary Judgment, Torry Williams argues that the insured's inclusion of the words 'By Law' beneath Patricia Williams' name indicates that the insured intended for Patricia to receive the policy proceeds only if she survived him as his widow. Essentially, she contends that the insured principally intended to for the benefits to pass "by law" and only included Patricia Williams' name on the form because she would have been the principal beneficiary by law at the time he completed it.

The problem with this construction is that it ignores the contingent beneficiary designation. The insured listed J.T.W. as the sole contingent beneficiary and again wrote 'By Law' directly beneath his name. J.T.W., however, would not have been the sole contingent beneficiary by law at the time the insured executed the form. Rather, the statute provided that all four of the insured's children would have been entitled to share in the policy proceeds had the insured elected for the proceeds to pass by law and subsequently died unmarried.[12] Thus, the insured clearly did not intend for the proceeds of the policy to be distributed by law. If he had, he would have either listed all four of his children on the form or omitted J.T.W's name altogether.

Therefore, considering the form in its entirety, the court can only conclude that the insured intended to assign all of the policy proceeds to Patricia Williams. The form clearly and unambiguously designates her as the sole principal beneficiary. While it is unclear what the insured intended to accomplish by writing 'By Law' underneath Ms. Williams' and J.T.W's names, Torry Williams' contention that the insured intended for the proceeds to pass by law

---

[12] Although the record does not indicate the ages of any of the insured's four children, Stacy Douglas, Torry Williams, and Lawrence Williams were adults at the time this suit was filed. *See* Compl. ¶¶ 2-5. Accordingly, it is clear that all three were alive when the insured completed his beneficiary designation form on February 16, 1996.

5

rather than to the beneficiaries he specifically identified on the form is unreasonable. "In the context of contract interpretation, only when there is a choice of reasonable interpretations of the contract is there a material fact issue concerning the parties' intent that would preclude summary judgment." *Gonzales v. Denning,* 394 F.3d 388, 392 (5th Cir. 2004) (quoting *Amoco Prod. Co. v. Texas Meridian Res. Exploration, Inc.*, 180 F.3d 664, 669 (5th Cir. 1999)). Accordingly, Patricia Williams is entitled to summary judgment in her favor.

## CONCLUSION

For the reasons stated herein, the Patricia Williams' Motion for Summary Judgment will be GRANTED, and Torry Williams' Motion for Summary Judgment will be DENIED.

Lake Charles, Louisiana, this _13_ day of _October_ 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE