UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE CO. OF AMERICA | : | DOCKET NO. 10CV-00074 |
| VS. | : | JUDGE MINALDI |
| PATRICIA WILLIAMS, ET AL | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Presently before this court are [56] Motion for Payment of Guardian ad Litem Fees, and [58] Motion for Disbursement of Funds and to Designate Sole Beneficiary of the Proceeds by Patricia Williams. For reasons given below it is the recommendation of the undersigned that the [56] Motion for Payment of Guardian ad Litem fees be GRANTED and that the [58] Motion for Disbursement of Funds and to Designate Sole Beneficiary of the Proceeds be granted in part and denied in part.

This concurses proceeding began January 19, 2010, with the filing of a [1] Complaint in Interpleader by The Prudential Insurance Company of North America. Prudential alleged it had issued a policy insuring the life of Thurston Williams ("the Insured") who died on or about July 4, 2009. Prudential alleged that the Insured completed a Beneficiary Designation on February 16, 1996, but that the beneficiary designation was ambiguous. The form purported to designate Patricia Williams as beneficiary but then it also stated proceeds were to be disbursed "by law." The insured was divorced from Patricia Williams at the time of his death and he was survived by children who would otherwise "by law" be beneficiaries of the proceeds.

Prudential named as defendants to the interpleader Patricia Williams, ex-wife of the insured, Stacy Douglas, daughter of the insured, Lawrence Williams, son of the insured, and Torry Williams, daughter of the insured, all of whom were designated as "putative beneficiary."  Also named was "J.T.W.,"[1] a minor at the time the proceeding was filed, who was common issue of the Insured and Patricia Williams and who was also designated as a "putative beneficiary."  Prudential also alleges that defendants Stacy, Lawrence, and Torry Williams contested payment of benefits to Patricia Williams as she was no longer married to the Insured at the time of his death.  Prudential suggested it should be allowed to proceed in this manner so that it could protect itself against multiple conflicting claims and multiple lawsuits as to these benefits.

Prudential filed a [7] Motion to Deposit Funds which was granted by [9] Order filed May 24, 2010.  On October 13, 2010, Prudential filed a [12] Motion to Appoint Timothy O'Dowd Guardian ad Litem for Jon Williams who was still at that time a minor.  The next day a [13] Motion to Enroll Counsel was filed by Patricia Williams seeking to enroll the law firm of Matthews & Matthews to represent her individually and "as tutor on behalf of her minor son, J.T.W."  Prudential filed a [14] Response to the Motion to Enroll as Counsel expressing concern over the apparent conflict of the Matthews firm representing both Patricia Williams and co-defendant J.T.W.

A telephone conference was held October 28, 2010, in which participated counsel for Prudential, Johnnie L. and Crystal Matthews for Patricia Williams, and Timothy O'Dowd, the attorney suggested by Prudential as one to represent the minor.  Lawrence Williams, Torry Williams, and Stacy Williams (now Douglas) all participated in proper

---

[1] "J.T.W." has since attained the age of majority and will hereafter be referred to by his full name, Jon Thurston Williams.

person.  The purpose of the conference was to discuss the concerns of Prudential set forth in its opposition.  As set forth in the minutes of that proceeding, the court found that the Matthews & Matthews firm was conflicted from representing both Patricia Williams and the minor child and it granted in part the Motion to Enroll and granted the motion appointing Timothy O'Dowd as guardian ad litem.  See Doc. 21.

On December 14, 2010, Prudential filed a [27] Motion for Default Judgment as to Stacy Douglas and a Motion for Summary Judgment.  Prudential noted that Stacy Williams Douglas failed to file an answer and a default had been entered against her.  It also sought dismissal from the proceeding as it claimed to have fulfilled its obligation with respect to the contractual issues.  That motion was granted by [30] Order filed January 12, 2011.

On July 14, 2011, this court issued a [38] order mandating that any person maintaining a claim to the insurance proceeds was to assert that claim through Motion for Summary Judgment to be filed on or before September 1, 2011.  Torry Williams filed a [40] Motion for Summary Judgment on August 17, 2011.  On August 31, 2011, a [43] Motion for Summary Judgment was filed by Patricia Williams.  By [48] Judgment signed October 13, 2011, the [43] motion by Patricia Williams was granted and the [40] motion by Torry Williams was denied.  In the [47] Memorandum Ruling that accompanied the judgment the District Court stated that the Insured intended to assign all of the policy proceeds to Patricia Williams.

The parties requested a telephone status conference with this court and that was held December 15, 2011.  The *pro se* litigants did not participate.  The [50] Minutes of the telephone conference indicate that counsel for Patricia Williams asked the court to

order disbursement of a portion of the funds on deposit with the court. The undersigned indicated she was without power to grant any such relief as no motion had been filed.

On May 11, 2012, a [53] Joint/Voluntary Motion to Dismiss was filed by Jon Thurston Williams. The document was hand written, purportedly by Jon Williams, and notarized. That document states that Jon Williams has no interest in the funds deposited and he states "I do not want to go any further with this matter." That motion was granted by [54] Order docketed June 12, 2012.

On June 20, 2012, the Guardian ad litem filed a [56] motion to be paid from the proceeds on deposit with the court. In the motion Mr. O'Dowd alleges that in his representation of Jon Williams he, before Motion for Summary Judgment in favor of Patricia Williams was granted, had negotiated a settlement agreement where Jon Williams would receive 20% of the proceeds on deposit. Mr. O'Dowd also submitted a statement for his services rendered. On July 5, 2012, Patricia Williams filed a [58] Motion asking that ALL funds on deposit be paid to her.

On or about July 9, 2012, the court received [61] correspondence purported to be from Jon Thurston Williams dated July 5, 2012. The letter purports to contest the charges of the guardian ad litem, asserting that he, Jon Williams, terminated the services of Mr. O'Dowd, that Mr. O'Dowd "never wrote or call me to inform me of any formalities that was taking place" and he complained that Mr. O'Dowd "attack my mother in a certain way. He also lied on my mother." Doc. 61. Jon Williams also attached to his correspondence copies of proceedings that were apparently filed by him or for him against Mr. Timothy O'Dowd with the Louisiana Attorney Disciplinary Board. See Attachment 1 to Document 61.

Review of the entirety of the complaint allegedly filed with the Disciplinary Counsel by Jon Williams against Mr. O'Dowd caused the undersigned to be concerned that these objections being raised were not at all being raised by Jon Williams but rather by his mother purporting to be him.  Whereas the initial portion of the complaint is written as though Jon Williams was the author, around page 8 of attachment 1 to Document 61 a new paragraph begins and states "I called Mr. O'Dowd office on November 28, 20122 to make an appointment for Jon & I to come to his office so that the judgment & his fees could be explained."  The District Court then referred this matter to the undersigned for hearing.  The [62] Minute Entry fixing the matter for hearing also ordered that a subpoena be issued to and served upon Jon Thurston Williams for him to appear personally at the hearing.

First raised at the hearing was the entitlement of Mr. O'Dowd to payment for the time spent on this matter.  After hearing discussion from counsel for Patricia Williams and an acknowledgment by Mr. O'Dowd that he initially had erroneously included time for defending himself against the bar complaint filed by Jon (or perhaps Patricia) Williams, it was determined that he is entitled to be paid the sum of $3,266.30 from the funds on deposit with this court.  It is the recommendation of the undersigned that he be paid that amount as fair compensation for the services performed by him in his capacity as guardian ad litem.

Before adjournment, Mr. O'Dowd asked that Jon Williams, now a major, state to the court directly whether he truly intended to waive any claim against his mother for the settlement agreement that had been secured for him by Mr. O'Dowd.  Counsel for Patricia Williams disputed whether in fact a settlement agreement had been reached.

Nevertheless the undersigned called Jon Williams forward and explained to him that it was the position of Mr. O'Dowd, who formerly represented him, that he (Mr. O'Dowd) had secured an agreement from counsel for Patricia Williams that he (Mr. O'Dowd) would not contest the Motion for Summary Judgment filed by Patricia Williams in exchange for Jon receiving twenty percent of the proceeds, or $10,000. At this point it became exceedingly clear to the undersigned that Jon Williams had no idea that such an agreement had been made.  When Mr. O'Dowd represented to the court that he (Mr. O'Dowd) had attempted contact with Jon Williams through telephone and mail, he (Mr. O'Dowd) had been unsuccessful and after discussion by the undersigned with Jon Williams it seemed apparent to the undersigned that Patricia Williams may have intercepted that information and failed or refused to transmit the information to her son. Once it was apparent to Jon Williams that there was a possibility he was entitled to twenty percent of the proceeds, Jon Williams stated to the undersigned that he did not wish to waive that claim.

After hearing it appears to the undersigned that the previously filed [53] Joint/Voluntary Motion to Dismiss by Jon Thurston Williams (which motion was granted by [54] Order) may not actually have been prepared by him or may have been prepared by him but without the benefit of having been informed of the efforts of his guardian ad litem on his behalf.

For the foregoing reasons it is the recommendation of the undersigned that funds remaining after disbursement to the guardian ad litem be disbursed to Patricia Williams EXCEPT FOR the sum of $10,000.00 to be retained by the court. It is further the recommendation of the undersigned that Jon Thurston Williams be ordered to assert a

claim for the remaining $10,000.00, if any claim he has, within thirty (30) days of his having been *personally served* by the U.S. Marshal with a copy of the court's findings and order should this recommendation be accepted. Finally it is the recommendation of the undersigned that the remaining $10,000.00 be distributed to Patricia Williams if Jon Thurston Williams fails to assert a claim within the time allowed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 2nd day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE